# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**GUIDEONE ELITE INSURANCE COMPANY**                        **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 2:17-cv-37-KS-MTP**

**MOUNT CARMEL MINISTRIES, ET AL.**                               **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion to Intervene [14] filed by Jernigan Copeland Attorneys, PLLC ("Jernigan Copeland"). Having considered the parties' submissions and the applicable law, the Court finds that the Motion [14] should be granted.

This interpleader action arose as a result of another action before this Court, *Guideone Elite Insurance Company, et al. v. Mount Carmel Ministries, et al.*, Civil Action No. 2:13-cv-134-KS-MTP. That action was an insurance dispute arising from tornado damage to a church building belonging to Mount Carmel Ministries and Alpha Christian School ("Mount Carmel"). On December 3, 2015, the Court held that GuideOne Elite Insurance Company ("GuideOne") was required to pay Mount Carmel and the mortgagee of the property, Seaway Bank and Trust Company ("Seaway Bank"), $1,693.035.31 in benefits under the subject insurance policy.

On March 20, 2017, GuideOne filed this interpleader action, requesting that it be allowed to deposit the judgment proceeds into the Court. According to GuideOne, Mount Carmel and the State Bank of Texas—the successor in interest of Seaway Bank—have separately demanded all of the proceeds from the judgment and are not in agreement on a division of the proceeds. On May 25, 2017, the Court permitted GuideOne to deposit the judgment proceeds into the registry of the Court and dismissed GuideOne from this action.

Jernigan Copeland represented Mount Carmel in the underlying action pursuant to a contingency fee agreement and filed a Motion to Intervene [14] in this action in order to protect its claims for attorneys' fees and expenses. Jernigan Copeland seeks to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, it seeks a permissive intervention pursuant to Rule 24(b)(1)(B). Mount Carmel opposes the intervention.

Federal Rule of Civil Procedure 24(a) provides:

On timely motion, the court must permit anyone to intervene who:
. . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In order to intervene as a right, a movant must meet the following four prerequisites:

(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Talyor v. Commc'ns Grp., Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). A movant's "[f]ailure to meet any one of these requirements is fatal to a claim of intervention as of right." *Id.*

Federal Rule of Civil Procedure 24(b) governs permissive intervention and provides that "[o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Rule 24(b) also provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties'

rights." Fed. R. Civ. P. 24(b)(3). Even if the requirements of Rule 24(b)(1)(B) are satisfied, permissive joinder is wholly discretionary with the court. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984).

The Unites States Court of Appeals for the Fifth Circuit has held that a discharged law firm retained on a contingency fee basis may intervene as a matter of right in an action to protect its interests under the contingency fee agreement. *See Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970). In *Gaines*, the plaintiff signed a contingency fee contract with a law firm to represent him in a personal injury action. After the law firm spent considerable time litigating the case, the plaintiff discharged the law firm and substituted another law firm as counsel. Thereafter, the discharged law firm moved to intervene in order to protect its interest in the attorney's fees. The district court dismissed the intervention, but the court of appeals reversed that decision. *Id*. at 53-54.

The Fifth Circuit held that "it is clear that the . . . law firm here claimed an interest in the subject of the action . . . and is so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect that interest." *Id*. at 54. The court also noted that "[n]either of the existing parties is concerned with protecting the appellant's interest." *Id*.

Although the case *sub judice* is a subsequent interpleader action, the Court finds the holding in *Gaines* very persuasive, if not controlling, authority. Like the discharged firm in *Gaines*, Jernigan Copeland has a sufficient interest in the proceeds which are the subject of this action. The firm is so situated that disposing of this action might, as a practical matter, impair or impede the firm's ability to protect its interest. Additionally, the existing parties do not

3

adequately represent the firm's interest.[1]  Therefore, the Court finds that Jernigan Copeland is entitled to intervene as of right under Rule 24(a)(2).[2]

Moreover, even if Jernigan Copeland had no right to intervene under Rule 24(a), the Court would permit intervention under Rule 24(b).  The questions of law and fact Jernigan Copeland seeks to bring are sufficiently similar and connected to those currently pending before the Court, and Jernigan Copeland's intervention would not unduly delay the adjudication of the original parties' rights.  Jernigan Copeland claims an interest in the proceeds before the Court and disposition of its claim in this matter would foster judicial economy.

IT IS, THEREFORE, ORDERED that Jernigan Copeland Attorneys, PLLC's Motion to Intervene [14] is GRANTED.

SO ORDERED this the 7th day of July, 2017.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE

---

[1] Mount Carmel does not argue that the Motion to Intervene [14] is untimely, and the Court finds that the Motion is timely.

[2] Mount Carmel cites a recent Supreme Court opinion, *Town of Chester, New York v. Laroe Estates, Inc.*, 137 S.Ct. 1645 (2017), and argues that Jernigan Copeland lacks Article III standing to intervene.  However, "Article III does not require intervenors to independently possess standing where the intervention is into a subsisting and continuing Article III case or controversy and the ultimate relief sought by the intervenors is also being sought by at least one subsisting party with standing to do so." *Ruiz v. Estelle*, 161 F.3d 814, 830 (5th Cir. 1998).  The Supreme Court confirmed this statement of the law in *Town of Chester* holding that "[a] litigant seeking to intervene as of right under Rule 24(a)(2) must meet the requirements of Article III standing if the intervenor wishes to pursue relief not requested by a plaintiff." 137 S.Ct. at 1651.  Both parties and Jernigan Copeland seek relief in the form of judgment proceeds from the underlying action.  Thus, Juernigan Copeland is not required to independently possess Article III standing.