IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GUIDEONE ELITE INSURANCE
COMPANY**                                                                                **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 2:17-CV-37-KS-MTP**

**MOUNT CARMEL MINISTRIES,** *et al.*                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

For the reasons below, the Court **denies** the Motion to Transfer Venue [47] filed by Mount Carmel Ministries and Alpha Christian School.

**I. BACKGROUND**

This is an interpleader action concerning the proceeds of a judgment previously entered by this Court. GuideOne Elite Insurance Company filed a declaratory judgment action concerning its obligations to Mount Carmel Ministries, Alpha Christian School, and Seaway Bank and Trust Company – their mortgagee – after a tornado caused heavy damage to insured property in Hattiesburg, Mississippi.[1] On December 3, 2015, the Court entered a Final Judgment in favor of Mount Carmel, Alpha Christian School, and Seaway in the amount of $1,693,035.31. Final Judgment, *Guideone Elite Ins. Co. v. Mount Carmel Ministries*, No. 2:13-CV-134-KS-MTP (S.D. Miss. Dec. 3, 2015), ECF No. 204. After the Court's judgment was affirmed on appeal,

---

[1] Both this Court and the Court of Appeals have discussed the insurance dispute in detail. *See, e.g. GuideOne Elite Ins. Co. v. Mount Carmel Ministries*, 676 F. App'x 269 (5th Cir. 2017); *GuideOne Elite Ins. Co. v. Mount Carmel Ministries*, No. 2:13-CV-134-KS-MTP, 2015 WL 7871033 (S.D. Miss. Dec. 3, 2015); *GuideOne Elite Ins. Co. v. Mt. Carmel Ministries*, No. 2:13-CV-134, 2015 WL 72139 (S.D. Miss. Jan. 6, 2015).

GuideOne filed a Complaint for Interpleader [1], and the Court granted [13] its request to deposit the proceeds of the judgment into the registry of the Court.

Three parties claim an interest in the insurance proceeds. First, Mount Carmel[2] claims that it is entitled to direct payment of the insurance proceeds. Second, State Bank of Texas, successor-in-interest to Seaway, claims that it is entitled to the insurance proceeds in partial satisfaction of the deed of trust which secured the mortgage on the damaged buildings. Finally, Jernigan Copeland Attorneys, PLLC, and The May Law Firm, PLLC – counsel for Mount Carmel in the insurance dispute – claim that their contingency fee must be deducted from the insurance proceeds before any funds are remitted to Mount Carmel or State Bank. Mount Carmel filed a Motion to Transfer Venue [47], which the Court now addresses.

## **II. DISCUSSION**

Mount Carmel argues that the Court should enforce the forum-selection clauses in the Seaway loan documents, and that a transfer is appropriate under 28 U.S.C. § 1404(a).

### *A.    Timeliness*

First, State Bank argues that Mount Carmel's motion is untimely, citing Rule 12(b). The rule provides that a "motion asserting" the defense of improper venue "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). However, Mount Carmel did not file a motion to dismiss for improper venue under Rule

---

[2]The Court will refer to Mount Carmel Ministries and Alpha Christian School collectively as "Mount Carmel."

12(b)(3). Instead, it filed a motion to transfer under 28 U.S.C. § 1404(a). "[A] party may seek a § 1404(a) transfer of venue after filing its first responsive pleading." *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 (5th Cir. 2013) (citing 14 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3829 (2012)); *see also Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 957 (M.D. Tenn. 2008) (defendants did not waive ability to bring a motion under § 1404(a) by failing to assert defense of improper venue in a Rule 12(b) motion). Mount Carmel's motion was timely.

B.   *Section 1404(a) Analysis*

District courts "have broad discretion in deciding whether to order a transfer" pursuant to 28 U.S.C. § 1404(a). *In re Volkswagen of Am.*, 545 F.3d 304, 311 (5th Cir. 2008). The statute provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).[3]

The first question under Section 1404(a) is whether the case "might have been brought in the destination venue." *In re Volkswagen of Am.*, 545 F.3d at 312. Interpleader cases under Rule 22 must meet the normal venue requirements of 28 U.S.C. § 1391. *Lummis v. White*, 629 F.2d 397, 400-01 (5th Cir. 1980), *rev'd on other grounds*, 457 U.S. 85, 102 S. Ct. 2325, 72 L. Ed. 2d 694 (1982). A civil action may be

---

[3]For reasons provided below in the Court's discussion of the forum-selection clause in the Seaway loan documents, the Court finds that State Bank has not consented to venue in Illinois.

3

brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1392(b). Mount Carmel made no attempt to demonstrate that this case "might have been brought" in Illinois under these venue rules. Therefore, it failed to meet the first requirement for transfer under Section 1404(a).

Even if Mount Carmel had demonstrated that this case could have been brought in Illinois, it would still be required to show "good cause" for a transfer. *In re Volkswagen of Am.*, 545 F.3d at 315. Good cause has been defined as follows:

> When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice. Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Id.* To determine whether the transferee venue is clearly more convenient than the present venue, the Court considers various factors impacting the private and public interests in the case. *Id.*

The private interest factors are: (1) the relative ease of access to the

4

sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* While these factors "are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive," and none of them carry "dispositive weight." *Id.* Section 1404(a) "requires an individualized, case-by-case consideration of convenience and fairness." *In re Royals Royce Corp.*, 775 F.3d 671, 678 (5th Cir. 2014).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Tex.*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2014). But when the parties to a contract agree on a valid forum-selection clause, it "represents [their] agreement as to the most proper forum." *Id.* Accordingly, the "presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis . . . ." *Id.*

> Instead of independently weighing the private interests of the parties, the court should deem the private-interest factors to weigh entirely in favor of the preselected forum. The court must then weigh the public-interest factors, which include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. The plaintiff's choice of forum will not be given any weight, unlike in the ordinary [forum non conveniens] context.

5

*In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 293-94 (5th Cir. 2015). Because the public-interest factors "will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 134 S. Ct. at 581.

The forum-selection clause at issue here provides: "If there is a lawsuit, [Mount Carmel] agrees upon [Seaway's] request to submit to the jurisdiction of the courts of Cook County, State of Illinois." The clause unambiguously provides that Mount Carmel must submit to the jurisdiction of an Illinois court upon Seaway's request. State Bank – Seaway's successor-in-interest – has made no such request in this case. Therefore, the forum-selection clause has no effect, and the Court must consider both the public and private interest factors under Section 1404(a).

First, the Court must consider the private interest factors: "(1) the relative ease of access to the sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am.*, 545 F.3d at 315. Access to evidence is not a significant issue here, as this case involves few questions of fact. Mount Carmel did not identify any evidence that it would have trouble accessing if the case is heard in Mississippi. Likewise, it did not identify any specific witnesses whose attendance could not be secured by compulsory process or for whom the cost of attendance would be burdensome. In fact, Mount Carmel made no attempt to identify "practical problems" that would be caused by trying the case here. Therefore, the Court finds that the

6

private interest factors do not weigh in favor of a transfer.

Next, the Court must consider public interest factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* Once again, Mount Carmel made no attempt to demonstrate that these factors weigh in favor of a transfer. Although this Court has little experience with Illinois law, Mount Carmel has not demonstrated that Illinois law would apply to any of the legal issues presented here. There are no court congestion issues of significance, and Mississippi has a greater local interest in this matter than Illinois because two of the three parties claiming a right to the insurance proceeds are Mississippi citizens. Accordingly, the private interest factors do not weigh in favor of a transfer.

Therefore, the Court concludes that a transfer would be inappropriate here. State Bank has not consented to an Illinois venue, and Mount Carmel has not demonstrated that this case could have been brought there in the first place. Moreover, neither the private nor the public interest factors weigh in favor of a transfer.

### III. CONCLUSION

For these reasons, the Court **denies** the Motion to Transfer Venue [47] filed by Mount Carmel Ministries and Alpha Christian School.

SO ORDERED AND ADJUDGED this 11th day of January, 2018.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE